## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY BOVEE,

      **Plaintiff,**

**v.**

CLAUDIA BROOM,

      **Defendant.**                         **Case No 10-cv-946-DRH**

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I.     INTRODUCTION

In this Order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008) (citing *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980) (stating, "it has been the virtually universally accepted practice of the federal courts to permit any party to challenge or, indeed, raise *sua sponte* the subject-matter jurisdiction of the court at any time and at any stage of the proceedings")).   The current dispute necessitates this inquiry, as "[w]ithout jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *Steel Co. v. Citizens for Better Env't*, 523

U.S. 83, 94 (1998).  Further, the FEDERAL RULES OF CIVIL PROCEDURE similarly hold that, "[i]f the court determines at any time it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3). Accordingly, "[s]ubject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig*, 543 F.3d at 875.

In the instant proceeding, plaintiff filed a one count complaint pursuant to 42 U.S.C. §§ 1983 and 1988, on November 19, 2010.  Generally, plaintiff alleges defendant Claudia Broom, plaintiff's sister, violated plaintiff's constitutionally protected liberty interest in familial relations (*See* Doc. 2).  The factual allegations stem from defendant's role as a guidance counselor at Carbondale Community High School where plaintiff's son and daughter attend.  Plaintiff alleges defendant criticized his parenting skills, "indicating that he was 'bad at being a father'" (Doc. 2, p. 1).  Plaintiff alleges these comments alienated his children from him, undermined his authority, and enabled his children "to engage in parental abuse" (Doc. 2, p. 2). Thus, plaintiff alleges defendant's comments "violated [his] liberty interest in familial relations, and the rights of parents to raise their children in the manner and methods they see fit" (Doc. 2, p. 2).

On October 24, 2011, defendant filed a motion for summary judgment alleging no genuine issues of material fact remain outstanding subsequent to

plaintiff and defendants' depositions, as the applicable statute of limitations bars plaintiff's claim (Doc. 12).   On November 28, 2011, plaintiff responded to defendant's motion (Doc. 14).   Upon reading defendant's motion and plaintiff's response, the Court ordered plaintiff to brief the jurisdictional basis for this cause of action, believing it more properly construed as a state defamation claim (Doc. 15).   Thus, on December 14, 2011, plaintiff filed a jurisdictional memorandum citing to *Doe v. Heck*, 327 F.3d 492, 517-25 (7th Cir. 2003), and similar cases construing familial liberty interests under the Fourteenth Amendment, as providing the jurisdictional basis for his claim (Doc. 16).   The Court finds the cases plaintiff cites are fundamentally distinguishable from the allegations at hand.   Accordingly, plaintiff's claim is dismissed for lack of subject-matter jurisdiction.

## II.   ARGUMENT AND ANALYSIS

In arguing he has stated a claim grounded in the Due Process Clause of the Fourteenth Amendment, plaintiff compares the allegations at hand to those set forth in *Doe v. Heck. See Doe,* 327 F.3d at 517-25.   In *Doe*, parents of students at a private Christian elementary school brought claims pursuant to 42 U.S.C. § 1983, alleging a caseworkers' investigation violated the Fourth and Fourteenth Amendments.   Over the objection of the school's principal, and without parental notification or consent, the caseworkers interviewed students concerning allegations of parental-inflicted corporal punishment, in addition to other familial

matters.  Notably, the caseworkers also threatened to remove children from their parents' custody.  *Id.* at 499.

The majority of the opinion centers on inapplicable arguments concerning the Fourth Amendment and the caseworkers' right to qualified immunity.  *Id.* at 499-517, 525-527.  Instantly, plaintiff cites to the Seventh Circuit's discussion of the caseworkers' violation of the plaintiffs' constitutional right to familial relations under the Fourteenth Amendment's Due Process Clause as informing the subject matter jurisdiction of the case at hand. *See id.* at 517-526.  At the outset, the Seventh Circuit noted, "[t]he Supreme Court has long recognized, as a component of 'substantive' due process, that parents have a liberty interest in familial relations, which includes the right to 'establish a home and bring up children' and 'to control the education of their own.'"  *Id.* at 517 (citing *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923); *Troxel v. Granville,* 530 U.S. 57, 65 (2000); *Brokaw v. Mercer County*, 235 F.3d 1000, 1018 (7th Cir. 2000)).

Allegations of child abuse instigated the dispute in *Doe.* However, the *Doe* Court found the caseworkers disregarded the constitutional presumption "that fit parents act in the best interests of their children," when they treated corporal punishment as child abuse *per se*. *Id.* at 522 (citing *Troxel*, 530 U.S. at 68). Thus, in recognition of the "plaintiff parents' liberty interest in directing the upbringing and education of their children," including "the right to discipline them by using reasonable, nonexcessive corporal punishment," the *Doe* Court

held the caseworkers' custodial interview of the children violated the plaintiffs' right to familial relations, as they "had no evidence giving rise to a reasonable suspicion that the plaintiff parents were abusing their children, or that they were complicit in any such abuse." *Id.* at 524.  Further, the Seventh Circuit held the caseworkers' threat to remove students from parental custody also violated the plaintiffs' right to familial relations, as that liberty interest includes maintenance of the family unit.  *Id.* (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Duchesne v. Sugarman*, 566 F.2d 817, 825 (2d Cir. 1977)).

As the jurisdictional basis of the complaint at hand, plaintiff cites to 42 U.S.C. §§ 1983, 1988, and the Fourteenth Amendment to the United States Constitution.  Thus, plaintiff relies on federal question jurisdiction.  *See* 28 U.S.C. § 1331.  Federal question jurisdiction extends only to those cases in which a well-pleaded complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers*, 463 U.S. 1, 27-28 (1983).

As plaintiff notes in his jurisdictional memorandum, Section 1983, "creates no new substantive rights . . . it merely provides a federal cause of action for the violation of federal rights that are independently established either in the Federal Constitution or in federal statutory law" (Doc. 16, p. 2) (citing *Nevada v. Hicks*, 533 U.S. 353, 404 (2001)) (citation omitted).  The factual allegations as stated in

the instant complaint, amounting to allegations that defendant criticized plaintiff's parenting style, fundamentally differ from the factual scenarios of *Doe* and the cases it relies upon. The instant allegations do not allege the type of interference with familial relations; specifically, the parental rights associated with the upbringing of one's children, protected under the Fourteenth Amendment's Due Process Clause.   There is no allegation here that defendant took the plaintiff's children from the home, instituted proceedings to do so or even threatened to so. The only allegation here is that the defendant criticized the plaintiff's parenting skills.   No matter how one words the complaint, it is nothing more than a defamation action.   Accordingly, plaintiff's claim is **DISMISSED without prejudice**.

 

      **IT IS SO ORDERED.**

Signed this 20th day of December, 2011.

David R. Herndon
2011.12.20
10:59:33 -06'00'

**Chief Judge**
**United States District Court**