IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY BOVEE,

    Plaintiff,

v.                                                Case No. 10-cv-946-DRH

CLAUDIA BROOM,

    Defendant.

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

#### I.    INTRODUCTION

Pending before the Court is plaintiff Terry Bovee's Rule 59(e) Motion and Memorandum to Reconsider and Amend Judgment filed on January 17, 2012 (Doc. 18). Plaintiff moves for the Court's reconsideration of its December 20, 2011 Order dismissing plaintiff's case without prejudice *sua sponte* for lack of subject matter jurisdiction (Doc. 17). Defendant responded on January 24, 2012 (Doc. 19). As the Court finds plaintiff has not presented a manifest error of law or fact or presented newly discovered evidence, the Court **DENIES** plaintiff's motion.

In the instant previously dismissed proceeding, plaintiff filed a one count complaint pursuant to 42 U.S.C. §§ 1983 and 1988, on November 19, 2010. Plaintiff alleges defendant Claudia Broom, plaintiff's sister, violated plaintiff's constitutionally protected liberty interest in familial relations (*See* Doc. 2). The

factual allegations stem from defendant's role as a guidance counselor at Carbondale Community High School where plaintiff's son and daughter attend. Plaintiff alleges defendant criticized his parenting skills, "indicating that he was 'bad at being a father.'" Plaintiff alleges these comments "had the effect of alienating each of [plaintiff's children] from [him], undermining his authority, encouraging and enabling them to engage in parental abuse, and contributed to the deterioration of family relations" (Doc. 2, p. 2).

Thus, plaintiff alleges "[b]y intervening in and injecting her opinions into [p]laintiff's familial relations," defendant's comments "violated [plaintiff's] liberty interest in familial relations, and the rights of parents to raise their children in the manner and methods they see fit." As a "direct and proximate consequence of these actions," plaintiff alleges "his relationship with his family suffered, leading or contributing to the dissolution of his marriage." Plaintiff further alleges he "suffered economic losses as well as loss of consortium, Parental Alienation Syndrome, and severe mental and emotional distress" (Doc. 2, p. 2).

Upon reading these allegations and defendant's subsequent motion for summary judgment, the Court believed plaintiff's case more akin to a state law defamation claim than a federal substantive due process claim for violation of one's protected liberty interest in familial relations. Accordingly, on November 30, 2011, the Court Ordered plaintiff to the brief the federal subject matter jurisdiction of this cause of action (Doc. 15). As plaintiff's jurisdictional memorandum of December 14, 2011 confirmed the Court's beliefs, the Court

dismissed plaintiff's claim on December 20, 2011 *sua sponte* for lack of subject matter jurisdiction. The Court so ruled as the instant allegations do not rise to the level of familial interference generally required to adequately allege a substantive due process claim for violation of one's protected liberty interest in familial relations.

Thus, plaintiff seeks reconsideration of the Court's Order dismissing his case. Plaintiff argues the Court "erred in its application of the law, insofar as it takes a narrow view of the scope of claims that are actionable under the Fourteenth Amendment's Due Process Clause for interference with parental-child relations." Plaintiff generally alleges the Court misunderstood the gravity of his alleged facts, as it underestimated the severity of harm a guidance counselor's negative statements concerning the parenting methods of a student's parent inflict on the subject parent. Plaintiff argues the substantive due process right to familial relations protects a broader spectrum of familial interests than the arbitrary or unwarranted physical removal of children. Moreover, plaintiff argues, assuming *arguendo* substantive due process only encompasses acts of comparable severity to the physical removal of one's children or threats to carry out such removal, the allegations at hand rise to such a level of severity, due to plaintiff's resulting Parental Alienation Syndrome.

Defendant generally responds plaintiff has not demonstrated the Court erroneously applied the law, nor has he presented newly discovered evidence. Defendant contends plaintiff merely reargues the line of cases the Court relied

on in dismissing plaintiff's claim. Thus, defendant argues plaintiff's motion for reconsideration is without merit.

## II.    LAW AND APPLICATION

The FEDERAL RULES OF CIVIL PROCEDURE do not expressly contemplate motions to "reconsider." However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Instantly, plaintiff filed its motion within 28 days of the entry of the challenged Order. *See* FED. R. CIV. P. 59(e) (stating, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment").

However, "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (holding, "the former approach-that no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")). As plaintiff challenges the Court's application of law, the Court treats his motion as one under Rule 59(e). *See Obriecht,* 517 F.3d at 493-94. Rule 59(e) allows a court to alter or amend a previous order only if the movant can demonstrate a manifest error of law or presents newly discovered evidence. *Sigsworth v. City of Aurora,* 487 F.3d 506, 511-12 (7th

Cir. 2007). As plaintiff has not presented newly discovered evidence, the Court limits its discussion to whether it manifestly misapplied the law.

Plaintiff alleges defendant's "opinions" violated his right to raise his children in the manner and method he sees fit. Plaintiff's motion to reconsider summarily cites to the holdings of numerous Supreme Court cases establishing the scope of a parent's right to control the upbringing and education of his or her children. *See Meyer v. Nebraska*, 262 U.S. 390, 403 (1923) (invalidating a Nebraska law that forbade the teaching of foreign languages in private or public schools); *Pierce v. Society of Sisters*, 268 U.S. 510, 534-35 (1925) (invalidating an Oregon law requiring children to attend public school); *Wisconsin v. Yoder*, 406 U.S. 205, 232 (1972) (invalidating a Wisconsin law requiring children to attend high school, public or private, despite religious objections of Amish parents).

In contrast to the aforementioned cases, a law mandating the appropriate means of educating plaintiff's children is not in issue. Plaintiff merely alleges his children's aunt, in her capacity as a guidance counselor, negatively commented on plaintiff's parenting abilities. Therefore, based on the allegations of the complaint, the Court finds plaintiff has not demonstrated the Court made a manifest error of law in dismissing plaintiff's complaint for lack of subject matter jurisdiction. However, plaintiff's motion to reconsider does not limit itself to cases construing a parent's right to control the upbringing and education of his or her children. *See Troxel v. Granville,* 530 U.S. 57, 72-73 (2000) (invalidating state visitation statute as improperly infringing on parents'

fundamental right to rear their children); *Moore v. City of East Cleveland*, 431 U.S. 494, 504-06 (1977) (invalidating zoning ordinance that prevented grandmother from living with her grandson, due to impact on family unit as a whole); *Bohn v. County of Dakota*, 772 F.2d 1433, 1435 (8th Cir. 1985) (holding parents have a protected interest in their reputations when child abuse is involved, based on protectable interests in family integrity). Therefore, the Court will discuss alternative reasons as to why plaintiff has not sufficiently alleged a constitutional due process claim.

Plaintiff's motion to reconsider does not limit its arguments to one area of familial rights afforded protection pursuant to the liberty interest encompassed within substantive due process. Thus, the Court presumes plaintiff invokes his general right to engage in "intimate association."[1] The Supreme Court has frequently recognized the right to engage in certain intimate associations. *See Roberts v. United States Jaycees*, 468 U.S. 609 (1984). There are two different sorts of "freedom of association" protected under the due process clause. *Id.* at 617. In the first line of cases, "the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment- speech, assembly, petition for the redress of grievances, and the exercise of religion." *Id.* at 618.

---

[1] The Court notes plaintiff cites extensively to a Second Circuit case construing the right to "intimate association." *See Patel v. Searles*, 305 F.3d 130 (2d Cir. 2002) (holding plaintiff had sufficiently alleged claim for violation of right to intimate association where false statements of police officers were intended to lead plaintiff's family to ostracize him). Thus, the Court finds this is further support for construing plaintiff's claim as one for a violation of his general right to intimate association. However, *Patel* is factually distinguishable from the case at hand. In *Patel,* the police accused the plaintiff of murdering his mother and sister. Instantly, defendant allegedly criticized plaintiff's parenting skills. Further, *Patel* is not controlling as to this Court's decision.

However, instantly pertinent is the second line of cases in which the Supreme Court has recognized that "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." *Id.* at 617-18. Thus, this category of "freedom of association receives protection as a fundamental element of personal liberty" under the due process clause. *Id.* at 618. The parent-child relationship is a protected "intimate association." *See id.* at 618-20 (discussing sliding scale of relationships from most intimate to most attenuated personal attachments); *see also Patel,* 305 F.3d at 136 (stating parent/child relationship obviously among the most intimate).

As plaintiff has alleged a protected intimate association, that of parent-child, the Court must then consider whether defendant interfered "directly" and "substantially" with plaintiff's right to associate with his children. *Christensen v. County of Boone,* 483 F.3d 454, 463 (2007) (citing *Zablocki v. Redhail,* 434 U.S. 374, 386-87 (1978)). This inquiry is necessary as "the Constitution prevents fundamental rights from being aimed at; it does not, however, prevent side effects that may occur if the government is aiming at some other objective." *Id.* As the Seventh Circuit has explained, incidental effects on familial relations are not cognizable pursuant to the due process clause. For example, "[d]efamation by a public official, not itself a violation of the Constitution, *see Paul v. Davis,* 424 U.S. 693 (1976), does not turn into a

constitutional tort if the defamed party becomes impotent or loses the respect of his children." *Id.* at 464.

Plaintiff alleges defendant's conduct "had the effect of alienating [his children] from [him]." Further, plaintiff states, "[a]s a direct and proximate consequence of these actions, [p]laintiff's relationship with his family suffered, leading or contributing to the dissolution of his marriage . . . economic losses as well as loss of consortium, Parental Alienation Syndrome, and severe and serious mental and emotional distress." The Court finds these allegations most likely insufficient to allege a direct and substantial interference with plaintiff's familial rights. However, the Court finds it unnecessary to determine whether these allegations are sufficient, as plaintiff's complaint is inadequate for more fundamental reasons.

Plaintiff's allegations are fundamentally insufficient, as a specific official act, as opposed to a legislative duty, only violates due process if it "shocks the conscience." *Id.* (citing *Russ v. Watts*, 414 F.3d 783, 789 (7th Cir. 2005) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)). In *Lewis,* the Supreme Court held that a death from a high speed chase did not shock the conscience, even assuming it was unnecessary, stating, "only the most egregious" conduct satisfies this standard. *Lewis,* 523 U.S. at 846. Thus, the Seventh Circuit has reiterated, "*Lewis* calls for judicial modesty in implementing a federal program of constitutional torts that lie outside any specific clause of the Constitution," as the courts must leave to "ordinary tort

litigation" acts which do not rise to such a level. *Christensen,* 483 F.3d at 464-65.

Plaintiff has not sufficiently alleged a violation of his familial rights. Plaintiff alleges defendant's specific acts, as opposed to a legislative policy, violated his familial rights. Thus, plaintiff's allegations must "shock the conscience." The facts as alleged clearly do not meet the burden *Lewis* imposes. Plaintiff's allegation that defendant's conduct of "criticizing [p]laintiff's parenting methods and style," effectually alienated his children from him and undermined his authority certainly does not shock this judicial conscience. Criticism of one's parenting methods and style is clearly not actionable pursuant to the due process clause.

As the Court previously held, plaintiff's allegations state nothing more than a state law defamation claim at most, which is not to say the complaint would a state court would be forced to allow such a cause of action to proceed to trial. The fact defendant was allegedly acting in her capacity as a guidance counselor, as opposed to her capacity as plaintiff's sister, does not change the fundamental nature of the alleged facts. Lastly, plaintiff seems to argue the alleged resulting Parental Alienation Syndrome evidences the equivalent of defendant's physical removal of his children from him.[2] To this extent, the Court finds plaintiff's argument wholly without merit. Therefore, the Court

---

[2] Further, the Court notes the statement of Robert A. Evans attached to plaintiff's motion describes Parental Alienation Syndrome as a disorder affecting the children of a contentious divorce (*See* Doc. 18-3). Plaintiff does not bring his claim on behalf of his children. However, plaintiff's complaint states he has suffered Parental Alienation Syndrome as a result of defendant's actions. Thus, the Court fails to see the relevance of plaintiff's arguments concerning the role of Parental Alienation Syndrome in the instant dispute.

holds its initial determination that plaintiff's claim lacks subject matter jurisdiction was not a manifest error of law. Accordingly, the Court **DENIES** plaintiff's Rule 59(e) Motion and Memorandum to Reconsider and Amend Judgment (Doc. 18).

**IT IS SO ORDERED.**

Signed this 7th day of February, 2012.

David R. Herndon
2012.02.07
18:23:43 -06'00'

**Chief Judge**
**United States District Judge**